(No. 75-CC-598— )

FRANCIS E. WALSH, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF LAW ENFORCEMENT, Respondent.

*Opinion filed May 26, 1975.*

BURDITT AND CALKINS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim is for six months of back salary. Trooper Walsh and the Department of Law Enforcement became embroiled in a dispute resulting in Trooper Walsh submitting his resignation. However, before the resignation became effective, Trooper Walsh withdrew the resignation. The Department of Law Enforcement then stated that the resignation had already been accepted and that Trooper Walsh could not withdraw same. They removed Trooper Walsh from their payroll effective October 15, 1973. Trooper Walsh received no compensation from the State Police from that time until April 15, 1975. On April 15, 1974, the State Police reinstated Mr. Walsh and immediately filed charges against him for the purpose of determining whether they should continue to employ Trooper Walsh notwithstanding the validity of his purported withdrawal of his resignation. Trooper Walsh was paid one day's salary for April 15, 1974. On April 24, 1974, Trooper Walsh sustained a heart attack and was hospitalized for six weeks. He has since been declared by his doctor to be unable to perform the duties of a State Police officer. Subsequently, the Department of Law Enforcement entered into an agreement with Trooper Walsh wherein they agreed to withdraw charges against

him, have agreed to payment of six months of back salary and to place Trooper Walsh on a medical leave of absence and assist him in his attempts to obtain disability status in the Illinois State Employees' Retirement System in return for Trooper Walsh's resignation. The agreement is duly signed by Dwight E. Pitman, Director of the Illinois State Police, Francis Walsh and his attorneys. As indicated in the departmental report and Agreement of the parties (attached to the joint stipulation) Francis E. Walsh is due back salary in the amount of $7,351.57.

We find that claimant is entitled to back salary in the gross amount of $7,351.57 plus employer contributions of $470.48 for a total employee benefit of $7,822.05 which should be disbursed by the Comptroller and credited as follows:

To the State Employees' Retirement System as follows:

$ 661.69 Employee's contribution to State Employees' Retirement System

$ — Employee's contribution to F.I.C.A.

$ 470.48 State's contribution to State Employees' Retirement System

$ — State's contribution to F.I.C.A.

To the Illinois State Treasurer to be remitted to the Internal Revenue Service:

$1,043.92 as claimant's Federal Income Tax withholding for current taxable year.

To the Illinois Department of Revenue, Income Tax Division:

$ 122.29 as claimant's Illinois Income Tax withholding for current taxable year.

Net to claimant:

$5,523.67 as claimant's net salary after *all* of the above contributions and withholdings have been deducted from the above total employee benefit.

IT IS, THEREFORE, ORDERED that claimant be and is hereby awarded the total employee benefit of $7,822.05 (SEVEN THOUSAND EIGHT HUNDRED TWENTY TWO AND 05/100 DOLLARS). to be disbursed and credited in accordance with our above finding.